

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Homer Garrison, Jr.
Director Department of Public Safety
Austin, Texas

Opinion No. O-3550
In Re:  Is the driver's license
suspended as provided in
Section 24, paragraph (c)
under the facts stated.

Dear Sir:

Your letter of May 12 reads:

"This Division of the Department of Public
Safety would greatly appreciate an opinion from
your office on the following matter:

"Under terms of Section 13 paragraph (c)
Article 6687a, R. C. S., commonly called the
Driver's License Law, the driver's license was
automatically suspended upon final conviction
of certain offenses set out in Section 16, among
which is listed that of driving while intoxi-
cated. Consequently, when the assessed penalty
was suspended the driver's license was not sus-
pended.

"House Bill No. 20, the new Driver's License
Law effective immediately upon the signature of
the Governor on date of April 23, amending Art-
icle 6687a, provides under Section 24 paragraph
(c) '. . . . Provided, however, that in case of
conviction for any of the offenses enumerated in
paragraph (a) of Section 24 of this Act, and the
sentence of the court having been suspended as
provided in the Statutes, such suspended sentence
shall not mitigate against the suspension of the
operator's, commercial operator's, or chauf-
feur's license of the person convicted.'

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Homer Cárrison, Jr., Page 2

"We are in receipt of a report from the Gregg County District Clerk showing that said defendant committed the offense of driving while intoxicated on date of April 22, 1941, and was convicted for this offense, a charge of driving while intoxicated, on date of May 3, 1941, being assessed penalty of 2 years suspended sentence.

"1. The offense was committed before the new Law became effective.

"2. Convicted for said offense after the new Law became effective.

"Question: Is the driver's license suspended as provided in Section 24 paragraph (c)?"

The 47th Legislature enacted House Bill No. 20, Sec. 24, Automatic suspension of license:

"(a) The license of any person shall be automatically suspended upon final conviction of any of the following offenses:

"1. . . .

"2. Driving a motor vehicle while under the influence of intoxicating liquor or narcotic drugs;

". . . .

"Sec. 25, (c) For the purpose of this Act, the term 'conviction' shall mean a final conviction. Also, for the purpose of this Act, a forfeiture of bail or collateral deposited to secure a defendant's appearance in court, which forfeiture has not been vacated, shall be equivalent to a conviction.

"Provided, however, that in case of conviction for any of the offenses enumerated in paragraph (a) of Section 24 of this Act,

Honorable Homer Garrison, Jr., Page 3

and the sentence of the court having been suspended as provided in the Statutes, such suspended sentence shall not _mitigate_ against the suspension of the operator's, commercial operator's, or chauffeur's license of the person convicted."

"Mitigate" is defined by Webster's New International Dictionary, Second Edition, as:

"1. To render or become mild or milder; to mollify. 2. To moderate; to make or become less severe, violent, fierce, cruel, intense, harsh, rigorous, painful, etc.; to soften; appease; meliorate; diminish; lessen; temper; as, to mitigate heat or cold, grief, ...a punishment or an offense."

Your letter advises that the defendant committed the offense on April 22, 1941. On April 23, 1941, House Bill No. 20 became effective.

Art. 13 of the Penal Code of Texas reads:

"When the penalty for an offense is prescribed by one law and altered by a subsequent law, the penalty of such second law shall not be inflicted for an offense committed before the second shall have taken effect. In every case the accused shall be tried under the law in force when the offense was committed, and if convicted punished under that law; except that when by the provisions of the second law the punishment is ameliorated he shall be punished under the second unless he elect to receive the penalty prescribed by the law in force when the offense was committed."

It is clear to us that the legislature intended that the license be suspended if the defendant is convicted and draws a suspended sentence. This, we believe, is true

Honorable Homer Carrison, Jr., Page 4

despite the use of the words "final conviction" in Sec. 24 (a).

The penalty is not ameliorated by the amendment to Art. 6687a, but on the contrary is increased. Applying Art. 13, supra, your question must be answered that the defendant's license is not suspended because of a conviction after the effective date of the amendment for he must have been tried under the law in force at the time the offense was committed.

APPROVED MAY 28, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

:H:lh

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Morris Hodges.*

Morris Hodges
Assistant



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN